IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>STMICROELECTRONICS N.V. and STMICROELECTRONICS, INC.<br><br>DEFENDANTS. | CIV. A. NO. 6:12-CV-481-LED |

**DEFENDANT STMICROELECTRONICS, INC.'S ORIGINAL ANSWER
AND AFFIRMATIVE DEFENSES**

Defendant STMicroelectronics, Inc. ("ST") files this Answer and Affirmative Defenses to Plaintiff U.S. Ethernet Innovations, LLC's ("USEI") Complaint for Patent Infringement ("Complaint"), and states as follows:

To the extent the first unnumbered paragraph of the Complaint requires a response, ST admits that USEI asserts an action for alleged patent infringement, but denies liability for patent infringement.

**NATURE OF THE ACTION**

1.      ST denies the allegation that 3Com Corporation's Ethernet business was based on "fundamental Ethernet technology developed by 3Com in the 1990s." ST lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and on that basis denies them.

2.      ST denies the allegations set forth in Paragraph 2.

3. ST admits that USEI seeks damages for patent infringement, but ST denies liability for patent infringement. ST further denies that USEI is entitled to recover any damages in this litigation.

## PARTIES

4. ST lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and on that basis denies them.

5. Upon information and belief, ST admits that STMicroelectronics N.V. is organized and existing under the laws of The Netherlands, with a principal place of business at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol Airport, The Netherlands. ST denies that STMicroelectronics N.V. may be served with process by serving Corporation Service Company, 80 State Street, Albany, New York 12207.

6. ST admits the allegations set forth in Paragraph 6.

## JURISDICTION AND VENUE

7. ST admits that this is an action for patent infringement arising under the laws of the United States, 35 U.S.C. § 101, *et seq.*

8. ST admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. ST admits that it is subject to personal jurisdiction in this judicial district. ST further admits that pursuant to 28 U.S.C. § 1391, it is a "resident" of the District. ST denies that this venue is appropriate or more convenient than the Northern District of California. ST lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and on that basis denies them.

10. ST admits that it is subject to personal jurisdiction in Texas. ST denies all allegations of infringement in any form. ST lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations set forth in Paragraph 10, and on that basis denies them.

## PATENTS-IN-SUIT

11. ST admits that U.S. Patent No. 5,732,094 (the "'094 Patent") is entitled "Method for Automatic Initiation of Data Transmission," and has an issue date of March 24, 1998. ST further admits that Brian Petersen, David R. Brown, and W. Paul Sherer are listed on the face of the patent as its inventors, and that 3Com Corporation is listed as the assignee. Additionally, ST admits that Exhibit A appears to be a true and correct copy of the '094 Patent. ST denies that the '094 Patent was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

12. ST admits that U.S. Patent No. 5,434,872 (the "'872 Patent") is entitled "Apparatus for Automatic Initiation of Data Transmission," and has an issue date of July 18, 1995. ST further admits that Brian Petersen, David R. Brown, and W. Paul Sherer are listed on the face of the patent as its inventors, and that 3Com Corporation is listed as the assignee. Additionally, ST admits that Exhibit B appears to be a true and correct copy of the '872 Patent. ST denies that the '872 Patent was duly and legally issued by the USPTO.

13. ST admits that U.S. Patent No. 5,307,459 (the "'459 Patent") is entitled "Network Adapter with Host Indication Optimization," and has an issue date of April 26, 1994. ST further admits that Brian Petersen, David R. Brown, W. Paul Sherer, and Lai-Chin Lo are listed on the face of the patent as its inventors, and that 3Com Corporation is listed as the assignee. Additionally, ST admits that Exhibit C appears to be a true and correct copy of the '459 Patent. ST denies that the '459 Patent was duly and legally issued by the USPTO.

14. ST admits that U.S. Patent No. 5,530,874 (the "'874 Patent") is entitled "Network Adapter with an Indication Signal Mask and an Interrupt Signal Mask," and has an issue date of

June 25, 1996.  ST further admits that Scott A. Emery, Brian Petersen, and W. Paul Sherer are listed on the face of the patent as its inventors, and that 3Com Corporation is listed as the assignee.  Additionally, ST admits that Exhibit D appears to be a true and correct copy of the '874 Patent.  ST denies that the '874 Patent was duly and legally issued by the USPTO.

15. ST admits that U.S. Patent No. 5,299,313 (the "'313 Patent") is entitled "Network Interface with Host Independent Buffer Management," and has an issue date of March 29, 1994.  ST further admits that Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo are listed on the face of the patent as its inventors, and that 3Com Corporation is listed as the assignee.  Additionally, ST admits that Exhibit E appears to be a true and correct copy of the '313 Patent.  ST denies that the '313 Patent was duly and legally issued by the USPTO.

16. ST denies liability for patent infringement and denies that that USEI is entitled to recover any damages or other relief in this litigation.  ST lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 16, and on that basis denies them.

## ACCUSED PRODUCTS

17. ST denies the allegations set forth in Paragraph 17.

## COUNT I – THE '094 PATENT

18. ST repeats and re-alleges its responses to Paragraphs 1 through 17 of the Complaint as if fully set forth herein.

19. ST denies the allegations set forth in Paragraph 19.

20. ST denies the allegations set forth in Paragraph 20.

21. ST denies the allegations set forth in Paragraph 21.

22. ST denies the allegations set forth in Paragraph 22.

## COUNT II – THE '872 PATENT

23. ST repeats and re-alleges its responses to Paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. ST denies the allegations set forth in Paragraph 24.

25. ST denies the allegations set forth in Paragraph 25.

26. ST denies the allegations set forth in Paragraph 26.

27. ST denies the allegations set forth in Paragraph 27.

## COUNT III – THE '459 PATENT

28. ST repeats and re-alleges its responses to Paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29. ST denies the allegations set forth in Paragraph 29.

30. ST denies the allegations set forth in Paragraph 30.

31. ST denies the allegations set forth in Paragraph 31.

32. ST denies the allegations set forth in Paragraph 32.

## COUNT IV – THE '874 PATENT

33. ST repeats and re-alleges its responses to Paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. ST denies the allegations set forth in Paragraph 34.

35. ST denies the allegations set forth in Paragraph 35.

36. ST denies the allegations set forth in Paragraph 36.

37. ST denies the allegations set forth in Paragraph 37.

## COUNT V – THE '313 PATENT

38. ST repeats and re-alleges its responses to Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. ST denies the allegations set forth in Paragraph 39.

40. ST denies the allegations set forth in Paragraph 40.

41. ST denies the allegations set forth in Paragraph 41.

42. ST denies the allegations set forth in Paragraph 42.

## PRAYER FOR RELIEF

A–K. ST denies that USEI is entitled to any of the relief sought in its Prayer for Relief or any relief whatsoever.

## DEMAND FOR JURY TRIAL

ST admits that USEI has demanded a trial by jury.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, ST asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE

2. ST has not infringed directly or indirectly (either individually or jointly), literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid, enforceable claims of the '094, '872, '459, '874, and '313 Patents.

## THIRD AFFIRMATIVE DEFENSE

3. The asserted claims of the '094, '872, '459, '874, and '313 Patents are invalid and/or void because they are anticipated by the prior art or otherwise fail to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including one or more of the following: 35 U.S.C. § 101, 102, 103, and 112.

**FOURTH AFFIRMATIVE DEFENSE**

4. USEI's claims are barred in whole or in part by the equitable doctrines of unclean hands, laches, estoppel, implied license, *in parti delicto*, waiver, acquiescence, and/or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

5. USEI's claims for damages, if any, are limited to the extent that USEI or its predecessor in interest failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287, and ST is not liable for any acts alleged to have occurred before ST had actual notice of the '094, '872, '459, '874, and '313 Patents and the allegations in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

6. ST has engaged in all relevant activities in good faith, thereby precluding USEI, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

**SEVENTH AFFIRMATIVE DEFENSE**

7. By reason of the prior art and/or statements and representations made to and by the USPTO during the prosecution of the applications that led to the issuance of the '094, '872, '459, '874, and '313 Patents, these patents are so limited that none of their claims may be properly construed as covering any activity of ST.

**EIGHTH AFFIRMATIVE DEFENSE**

8. USEI's claims for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

## OTHER DEFENSES RESERVED

9. ST reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this case, including, but not limited to unenforceability due to inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE ST prays for the following relief:

1. Judgment that USEI shall take nothing by this action;

2. Denial of USEI's request for injunctive relief;

3. Denial of USEI's request to recover any damages, treble damages, costs, expenses, attorneys' fees, pre-judgment interest, or post-judgment interest from ST;

4. Denial of USEI's request for other relief from ST; and

5. Any other relief this Court deems just and proper.

<table>
<tr><td>Dated: September 4, 2012.</td><td>Respectfully submitted,<br><br>/s/ <i>Steven G. Schortgen</i><br>Steven G. Schortgen, <i>Lead Attorney</i><br>  Texas State Bar No. 00794603<br>  steve.schortgen@klgates.com<br>Jennifer Ayers<br>  Texas State Bar No. 24069322<br>  jennifer.ayers@klgates.com<br><b>K&L Gates LLP</b><br>1717 Main St.<br>Suite 2800<br>Dallas, TX  75201<br>214.939.5500<br>214.939.5849 <i>Facsimile</i><br><br>Michael J. Bettinger<br>  California Bar No. 122196<br>  mike.bettinger@klgates.com<br><b>K&L Gates LLP</b><br>Four Embarcadero Center, Suite 1200<br>San Francisco, California 94111<br>415.882.8200<br>415.882.8220 <i>Facsimile</i><br><i>PRO HAC VICE ADMISSION PENDING</i><br><br><b>ATTORNEYS FOR DEFENDANT STMICROELECTRONICS, INC.</b></td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

Dated:  September 4, 2012

/s/ *Steven G. Schortgen*
Steven G. Schortgen